```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WINDWARD BORA, LLC,

                                Plaintiff,
                                                                    REPORT AND
                -against-                                           RECOMMENDATION
                                                                    19 CV 3912 (FB) (CLP)
SHAUL CHAZON and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                                Defendants.
-----------------------------------------------------------X
```
**POLLAK**, United States Magistrate Judge:

On July 8, 2019, plaintiff Windward Bora LLC ("Windward" or "plaintiff") commenced this action, pursuant to the New York Real Property and Proceedings Law ("RPAPL") § 1301, et seq., against defendants Shaul Chazon ("Chazon") and the New York City Environmental Control Board ("ECB"), seeking to foreclose on a mortgage encumbering the property located at 3017 Brighton 7th Street, Brooklyn, New York 11235 (the "Subject Premises").

When defendants Chazon and ECB failed to file an answer or otherwise appear in this action, a certificate of default was entered against them on August 27, 2019. On August 29, 2019, plaintiff filed a motion for default judgment. The motion was thereafter referred to the undersigned to conduct an inquest on damages and issue a Report and Recommendation.

For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be granted.

## FACTUAL BACKGROUND

The Complaint alleges that on September 13, 2004, Shaul Chazon executed a Note to National City Bank, securing the repayment of a mortgage in the amount of $112,500 to cover the premises located at 3017 Brighton 7th Street, Brooklyn, New York (the "Mortgage").

1

(Compl.[1] ¶ 8; Ex. B). The Mortgage was initially recorded on December 2, 2004. (Id.)

Plaintiff alleges that thereafter, on May 11, 2013, the Mortgage was assigned to Keyhole Capital – Fund V by PNC Bank National Association, successor to National City Bank. (Id. ¶ 10a; Ex. D). Keyhole Capital – Fund V thereafter assigned the Mortgage to plaintiff Windward Bora LLC on December 26, 2018. (Id. ¶ 10b; Ex. D). Plaintiff, a single member limited liability company, whose sole member is Yonel Devico, a citizen of the Kingdom of Morocco, residing in Florida, alleges to be in physical possession and the owner and holder of the Note and Mortgage. (Id. ¶¶ 2, 12).

Plaintiff alleges that the defendant Chazon, a resident and citizen of New York, residing either at the Subject Premises or at 1874 E. 27th Street, Brooklyn, New York 11229, failed to comply with the terms of the Mortgage in that he failed to make the monthly payments due on August 20, 2013, and has failed to make any payments since that date. (Id. ¶¶ 3, 13).

Plaintiff claims that it has complied with the terms and conditions of the loan documents, issuing a notice to cure on April 8, 2019, advising the defendant of the possible acceleration of the loan if the arrears are not cured, and indicating that in the absence of a cure, all outstanding principal and interest would become immediately due and owing. (Id. ¶ 14; Ex. E). On April 8, 2019, plaintiff provided defendant with the 90-day notice required by RPAPL § 1304(1). (Id.) As of the date of the Complaint, defendant had failed to respond to the notices. (Id. ¶ 16).

Plaintiff alleges that as of April 8, 2019, the principal amount due under the Note, including all accrued and unpaid interest, was $151,418.47.[2] (Devico Aff. ¶ 9; Weinreb Decl. ¶

---

[1] Citations to "Compl." refer to plaintiff's Complaint, dated July 8, 2019, ECF No. 1.

[2] Although plaintiff's Complaint states that the unpaid principal amount and all accrued interest due under the Note is $154,781.00, all of the papers submitted by plaintiff since the

2

6). Plaintiff seeks an Order: 1) authorizing the foreclosure of the Mortgage, 2) designating Susan Ellen Rizos, Esq. as Referee to conduct the sale of the Subject Premises, and 3) payment of $151,418.47 to plaintiff, which represents the principal owed, plus interest owed to the date of the Complaint, August 28, 2019, calculated at the rate of 5.7% per annum, along with any sums expended by plaintiff for taxes, assessments, water rates and sewer penalties, and interest and penalties accrued, including $500 for the Referee. (Compl. ¶¶ 8, 17; Devico Aff. ¶¶ 6-9; Pl.'s Ppsd. Judg. at 3).[3]

## PROCEDURAL BACKGROUND

On July 8, 2019, plaintiff commenced this action seeking to foreclose on the Mortgage. (See generally Compl.). The named defendant Chazon was served with the Summons, Complaint, and Notice of Pendency filed in the Kings County Clerk's Office. (See Weinreb Decl. ¶¶ 4, 7; Pl.'s Mem., Exs. A, B). On August 27, 2019, the Clerk of the Court entered certificates of default against the defendants. (ECF No. 12). Thereafter, plaintiff filed this motion for default judgment seeking a judgment of foreclosure and sale. (See generally Pl.'s Mem.[4]).

---

Complaint have requested $151,418.47 for this sum. (Compl. ¶ 17a; see, e.g., Affidavit of Statement of Damages of Yonel Devico, the Member of Windward Bora LLC, dated August 28, 2019, ECF No. 13, Ex. C ("Devico Aff.") ¶ 9; Declaration of Alan H. Weinreb, Esq., dated August 29, 2019, ECF No. 13, Attachment 1 ("Weinreb Aff.") ¶ 6; plaintiff's Proposed Judgment of Foreclosure and Sale Order, ECF No. 13, Attachment 3 ("Pl.'s Ppsd. Judg.") at 1, 3).

[3] Plaintiff is not seeking attorneys' fees incurred in connection with action. (See Weinreb Decl. ¶ 8).

[4] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of Foreclosure, dated August 29, 2019, ECF No. 13, Attachment 2.

DISCUSSION

1. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by recording a notation of the party's default on the docket maintained by the Clerk. See id.; Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

Where the amount of damages owed requires a judicial finding, a default judgment may be entered once the court has conducted a hearing or made a determination as to damages. See Fed. R. Civ. P. 55(b). That said, while "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989); see also Transportes Aereos de Angola v. Jet Traders Inv. Corp., 624 F. Supp. 264, 266 (D. Del. 1985).

The Second Circuit has cautioned that default judgment is an extreme remedy, and therefore should be entered only as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Although the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that district courts must balance that interest with the responsibility to

4

"[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and all doubts should be resolved in favor of the defaulting party. (Id.) Thus, a plaintiff is not entitled to a default judgment and any concomitant damages as a matter of right simply by virtue of a defendant's procedural default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The Court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including: (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded adequately in the complaint, thereby placing defendants on notice of the relief sought, see Fed. R. Civ. P. 54(c) (providing that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96; cf. King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *4-5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated when a court awards damages that accrued during the pendency of a litigation, so long as the complaint provided notice that the plaintiff may seek such damages); and (3) the amount of money potentially involved—the more money involved, the less justification for entering default judgment. Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. 1992). Additionally, "the Court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment may have a harsh effect on the defendant." Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (internal citations omitted).

The plaintiff bears the burden of establishing its entitlement to recovery. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). Upon entry of default, defendants are deemed to have admitted all well-pleaded factual allegations in the complaint pertaining to liability, but not legal conclusions or allegations relating to damages. Id.; Advanced Capital Commercial Grp., Inc. v. Suarez, No. 09 CV 5558, 2013 WL 5329254, at *3 (E.D.N.Y. Sept. 20, 2013).

It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish each defendant's liability as a matter of law on each cause of action asserted. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). In determining whether the plaintiff has met that burden, the Court draws all "reasonable inferences from the evidence offered" in plaintiff's favor. Id. (quoting Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). However, the court "retains discretion under [Federal Rule of Civil Procedure] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action . . . ." Id. at 84 (quoting Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); see also Atlantic Recording Corp. v. Brennan, 534 F. Supp. 2d 278, 283 (D. Conn. 2008) (denying a motion for default judgment and noting that in deciding a motion for default judgment, the court must consider whether plaintiffs' complaint adequately stated a claim upon which relief can be granted).

2. Default Determination

In this case, it is beyond dispute that defendants are in default. Defendants have failed to file an Answer to the Complaint, failed to oppose plaintiff's motion for a default judgment, and failed to challenge the Court's entry of a default. See Hirsch v. Innovation Int'l, Inc., 1992 WL 316143, at *2 (observing that "[the defendant's] default is crystal clear—it does not even oppose

this motion"). While a defaulting defendant admits all well-pleaded factual allegations apart from those relating to damages, it remains incumbent on the Court to review the allegations in the complaint to determine if plaintiff has met her burden to ensure the elements of each claim have been pleaded adequately. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65.

3. Mortgage Foreclosure Actions

Under New York law, a mortgage is "'merely security for a debt or other obligation.'" United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (internal citations omitted); see also Matter of Rivera v. Blum, 98 Misc. 2d 1002, 1008, 420 N.Y.S.2d 304, 308 (N.Y. Sup. Ct. 1978) (holding that a mortgage is the security for a debt that represents a lien on the mortgaged property). The "'mortgagor is bound by the terms of his contract as made'" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "'estoppel, or bad faith, fraud, oppressive or unconscionable conduct'" on the part of the mortgagee. United States v. Freidus, 769 F. Supp. at 1276 (quoting Nassau Tr. Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 183, 451 N.Y.S.2d 663, 667, 436 N.E.2d 1265, 1269 (1982)).

Thus, in actions to foreclose upon a mortgage, the plaintiff must demonstrate three elements: (1) the existence of the mortgage, (2) ownership of the mortgage, and (3) the defendant's default in payment on the loan. Campaign v. Barba, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005); see also United States v. Freidus, 769 F. Supp. at 1277 (holding that foreclosure actions require "proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment, see Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 374, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (citing

7

cases), and the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims. Id.; see also U.S. Bank Trust Nat'l Ass'n Tr. v. Butti, 16 A.D.3d 408, 408, 792 N.Y.S.2d 505, 506 (2d Dep't 2005); Republic Nat'l Bank of N.Y. v. O'Kane, 308 A.D.2d 482, 482, 764 N.Y.S.2d 635, 635 (2d Dep't 2003).

In moving for default judgment, plaintiff has provided, inter alia, copies of the duly executed Note and Mortgage, the Default Notice, and an Affidavit of Yonel Devico, the sole member of Windward, attesting to Chazon's default under the terms of the Note and Mortgage. (See Compl. Ex. C, Devico Aff.). Since plaintiff has satisfied its burden to demonstrate ownership of the Mortgage and Chazon's default on his payments under the loan, the burden shifts to defendant to show that there are triable issues of fact with respect to plaintiff's foreclosure action. Fleet Nat'l Bank v. Olasov, 16 A.D.3d at 374, 793 N.Y.S.2d at 52.

Here, defendants Chazon and ECB[5] failed to respond to either the Complaint or the Motion for Default Judgment, despite ample opportunity to do so. In the absence of "concrete particulars showing that a trial is needed," M&T Mortg. Corp. v. White, No. 04 CV 5620, 2010 WL 3420480 at *552 (E.D.N.Y. 2010), plaintiff contends that it is entitled to entry of default judgment on its foreclosure action. (Pl.'s Mem. at 2). See also Builders Bank v. Warburton River View Condo LLC, No. 09 CV 5484, 2011 WL 6370064, * 2 (S.D.NY. 2011).

---

[5] The ECB has not appeared in this action. The ECB appears to have been properly served and yet no one has appeared to assert rights or interests in the property. (See ECF No. 9). Thus, the Court grants plaintiff's motion for default judgment against the ECB. See Federal Home Loan Mortg. Corp. v. 41-50 78th St. Corp., No. 92 CV 5692, 1997 WL 177862, at *3 (E.D.N.Y. Apr. 4, 1997) (granting default judgment and holding "there is no reason to anticipate that a default judgment will have harsh effects. Had [] the defendant [] believed that [its] liens were not subordinate to the plaintiff's, [it] would have set forth the [] argument in an answer"); JXB 84 LLC v. 424 Halsey St. Condo, LLC, No. 15 CV 5362, 2017 LEXIS 18058, at *15 (E.D.N.Y. Feb. 7, 2017) (in which the court entered a default judgment against the ECB).

4. <u>Damages Calculation</u>

Plaintiff seeks damages for unpaid principal and interest accrued through August 28, 2019, in the total amount of $151,418.47. (Devico Aff. ¶ 9). Additionally, plaintiff seeks an Order authorizing the foreclosure of the Mortgage and designation of Susan Ellen Rizos, Esq. as Referee to conduct the sale of the Subject Premises to recoup the unpaid principal and interest. (Compl. ¶¶ 8, 17; Pl.'s Ppsd. Judg. at 3).

(1) <u>Award of Principal</u>

According to Yonel Devico, plaintiff is owed $111,902.87 in unpaid principal on the mortgage as of August 28, 2019. (Devico Aff. ¶ 6). Plaintiff's papers do not address directly the difference between the original loan amount of $112,500 and the amount plaintiff seeks for the unpaid principal balance. The Court observes that the Note was issued on September 13, 2004, with monthly payments under the Note beginning thereafter. (Weinreb Decl. ¶ 2). The difference presumably may be attributed to payments made before default. The Court is satisfied that the papers submitted by plaintiff establish the proper amount of the unpaid principal.

Having reviewed the plaintiff's submissions in support of its motion for damages, the Court respectfully recommends that plaintiff be awarded the unpaid principal owed on the Mortgage in the amount of $111,902.87.

(2) <u>Award of Interest</u>

In addition to unpaid principal, plaintiff requests that the Court award damages for interest that has accrued from July 20, 2013 through August 28, 2019, totaling $39,515.60. (Devico Aff. ¶ 7). Plaintiff states that pursuant to the terms of the Note, at the time of default, the interest rate was 5.70%. (<u>Id.</u> ¶ 8). Plaintiff calculates the interest owed "by taking the principal balance (i.e. $111,902.87) and multiplying it by 5.70% and then dividing that number

9

by 360 days to obtain the per diem interest, which, in this case, equals $17.72." (Id. ¶ 8). There appears to be an error in plaintiff's calculations, as there are 365 days in a year. Applying the same formula as above, but substituting in 365 days, the Court arrives at a per diem interest rate of $17.48. Between July 20, 2013, the date of default, and August 28, 2019, the date plaintiff filed the Complaint in this action, 2230 days have elapsed. Given the per diem rate of $17.48 and the 2230 days which have elapsed, the Court finds that the total past-due interest owed is $38,980.40.[6]

Having reviewed plaintiff's submissions in support of it motion for damages, the Court respectfully recommends that plaintiff be awarded $38,980.40, representing past-due interest owed.[7]

    (3) <u>Sale of the Subject Premises</u>

Plaintiff further seeks to have the Subject Premises foreclosed and sold under the direction of a Referee, Susan Ellen Rizos, Esq., and plaintiff be awarded sums expended in effectuating that sale. (Compl. ¶¶ 8, 17-18; Devico Aff. ¶¶ 6-9; Pl.'s Ppsd. Judg. at 3).

Based on a review of the terms of the Mortgage and the supporting documents submitted by plaintiff establishing the basis for the requested additional fees and costs, the Court

---

[6] Plaintiff does not request interest from August 28, 2019, the date of plaintiff's Complaint, to the date of this Report and Recommendation. However, the Court notes that 133 days have elapsed in that time period, which would amount to $2,324.84 in interest if plaintiff were to request such.

[7] The Court notes that plaintiff's Proposed Judgment of Foreclosure and Sale seeks a judgment of $151,418,47. (Pl.'s Ppsd. Judg. at 1, 3). The Court calculates the total amount owed as $150,883.27, representing $111,902.87 in unpaid principal and $38,980.40 in past-due interest owed. The Court has altered plaintiff's Proposed Judgment to reflect the amount that the Court has determined to be due and owing, and attached the Amended Judgment of Foreclosure and Sale to this Report and Recommendation.

respectfully recommends that Susan Ellen Rizos, Esq. be appointed Referee to effectuate the judgment of foreclosure and sale of the Subject Premises, and plaintiff be awarded sums expended in the sale.

## CONCLUSION

In summary, having reviewed plaintiff's submissions in support of plaintiff's motion for default judgment and damages, as well as plaintiff's Proposed Order,[8] the Court respectfully recommends that plaintiff's motion be granted. The Court respectfully recommends that plaintiff be awarded **$150,883.27**, representing $111,902.87 in unpaid principal and $38,980.40 in past-due interest owed. The Court further respectfully recommends that the foreclosure and sale of the Subject Premises proceed as set forth in the Amended Proposed Order, under the direction of Susan Ellen Rizos, Esq. as Referee. The Court further respectfully recommends that Susan Ellen Rizos, Esq. be paid $500 from the proceeds of the sale, and that plaintiff be awarded from the sale any sums expended for taxes, assessments, water rates and sewer penalties, interest and penalties accrued, and any additional costs for the expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by her.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a

---

[8] This Court has made several changes to the Proposed Order, including, inter alia, amending the amount awarded and ordering that any auction be held in Kings County Supreme Court, rather than the U.S. Courthouse, 225 Cadman Plaza, as originally proposed. (See Amended Proposed Order).

. . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 8, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York